OSTONOVITSKY et al. v. ROSENTHAL et al.

(Supreme Court, Appellate Term. May 15, 1908.)

APPEAL—HARMLESS ERROR—ERRONEOUS RULINGS ON EVIDENCE.

Where, in an action for the balance due on a contract for the erection of a building and for the balance of a deposit paid as security for the performance of the contract within a specified time, the answer admitted that the work was completed, and denied that it was completed in accordance with the terms of the contract, referring to the time clause therein, it was unnecessary for plaintiff to establish completion, and errors in the admission and exclusion of testimony bearing on that question will not be considered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4153–4160.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by David Ostonovitsky and others against Samuel Rosenthal and another. From a judgment of the Municipal Court in favor of plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Max D. Steuer (William M. Seabury, of counsel), for appellants.
Charles Frankel, for respondents.

GREENBAUM, J.  The complaint states two causes of action.  The first relates to an alleged balance of $118.70 due on a contract for the erection of a building in Sullivan county for the agreed price of $1,100, and the second to an alleged balance of $100 due on a deposit of $200 alleged to have been paid to defendants by plaintiffs as security for the performance of the contract within a specified time.  The answer admits all the allegations of the first cause of action excepting the "fifth," which has reference to the amount alleged to have been paid on account, and with respect to the second cause of action it is practically admitted that the work was completed, but it is denied that it was completed "in accordance with the terms of the contract," evidently referring to the time clause in the contract.

The only issues were those of the time of completion and the amount paid by defendants under the contract.  Under the state of the pleadings, it was unnecessary for plaintiffs to establish completion, and hence the argument of appellant addressed to the alleged errors in the admission and exclusion of testimony bearing upon this branch of the case merits no consideration.

The only question presented upon the appeal is one of fact relating to the matter of payments.  Plaintiffs' total original claim was $1,300.  The payments admitted by plaintiffs are $100 on account of the deposit and an aggregate of $1,124.51 in various sums as apparently correctly detailed in appellants' brief, making a total of $1,224.51, and yet a judgment for $209 was rendered against defendants.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.  All concur.