OSTONOVITSKY et al. v. ROSENTHAL et al.

(Supreme Court, Appellate Term. May 15, 1908.)

CONTRACTS—BUILDING CONTRACTS—EXTRA WORK—ACTIONS—EVIDENCE.
      In an action for extra work done in the erection of a building, defended on the ground that plaintiff was to do the work in consideration of the payment by defendant of the board bill of plaintiff and his men employed in the building operations, evidence *held* insufficient to justify a recovery.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by David Ostonovitsky and others against Samuel Rosenthal and another. From a judgment of the Municipal Court in favor of plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Max D. Steuer (William M. Seabury, of counsel), for appellants.
Charles Frankel, for respondents.

GREENBAUM, J. The facts in this case to a considerable extent are involved with those appearing in action No. 1 between the same parties and tried before the same justice. 110 N. Y. Supp. 250. The appeals from both cases were consecutively argued. The claim here is for extra work alleged to have been done in connection with the contract for the erection of a building which was the subject of action No. 1. The two cases would more appropriately have been brought in one action, and it is clear that justice forbids the shutting of our eyes to certain undisputed facts appearing in the other case.

It is not denied that plaintiffs did certain work, but it is claimed by the defendants that plaintiffs were to do the work in consideration of the payment by defendants of the board bill of plaintiffs and their men who were employed in the main building operation. The defense finds plausibility from the circumstance that under the contract for a fixed sum nothing was agreed as to the matter of board, and it was therefore plaintiffs' duty to pay for the board of themselves and their help. There is no pretense that they paid a Mr. Cooper, a relative of defendants, who had a farm house in the vicinity, anything for board, and they do not deny that Cooper boarded these men. Plaintiffs assert that defendants agreed to pay for the extra work and to pay board bills of themselves and their help without any apparent consideration. Defendants denied this, and proved that they paid Cooper the board bills. The improbability of this story of plaintiffs is emphasized by their testimony to the effect that defendants had deducted $200 on account of board from the amount due under the original contract, a fact which would be inconsistent with their claim that defendants were to pay the board bills as a gratuity, and with their testimony given in action No. 1, in which not the slightest allusion is made as to a deduction of $200 by defendants for payment of board. Indeed, if it be conceded that the sum of $200 was properly deducted for board, then plaintiffs would have been overpaid on the claim in action No. 1. The interests of justice will be promoted by reversing the judgment.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.